UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------- X
CHARLES MOORE

                Plaintiff,

      -against-

POLICE OFFICERS JOSHUA WINTERS, (Shield no. 3648); JOSEPH D'AMBRA, (Shield no. 8014); DAVID CHEESEWRIGHT, (Shield no. 1990) unknown); POLICE OFFICERS "JANE DOE" no. 1 and "JOHN DOES" nos. 1-6, individually and in their official capacities (the names Jane Doe and John Doe being fictitious, as the true names are presently unknown),

                Defendants.
------------------------------------------------------------- X

**FIRST AMENDED COMPLAINT**

JURY TRIAL DEMANDED

14-CV-1297 (SLT)(RLM)

Plaintiff, **CHARLES MOORE**, by and through his attorney, **KENNETH F. SMITH, PLLC**, complaining of the defendants herein, respectfully shows the Court and alleges:

**PRELIMINARY STATEMENT**

1. This is a civil rights action in which plaintiff seeks relief for violation of plaintiff's rights as secured by 42 U.S.C. §§ 1983 and the 1988; and the Fourth, Fifth, Sixth, Eighth and Fourteenth Amendments to the United States Constitution, and the laws of the State of New York.

2. Plaintiff's claims arise from an incident that took place at his home in Brooklyn, New York on or about May 15, 2013 during which members of the New York City Police Department ("NYPD") subjected plaintiff to, among other things: False Arrest, Unlawful Seizure, Unreasonable Use of Force, Failure to Intervene, Malicious Prosecution and Denial of a Fair Trial, Denial of Medical Treatment.

3.  Plaintiff seeks compensatory and punitive damages, declaratory relief, an award of costs and attorney's fees, pursuant to 42 U.S.C. § 1988, and such other and further relief as the Court deems just and proper.

## JURISDICTION AND VENUE

4.  Jurisdiction of this Court is invoked under 28 U.S.C. § 1343 and 42 U.S.C. §§ 1981 and 1983.

5.  The plaintiff further invokes this court's supplemental jurisdiction, pursuant to 28 U.S.C. § 1367, over any and all state law claims and as against all parties that are so related to claims in this action within the original jurisdiction of this court that they form part of the same case or controversy.

6.  Venue herein is proper for the United States District Court for the Eastern District of New York under 28 U.S.C. §1391 (a), (b) and (c), in that a substantial part of the events giving rise to the claim occurred within the boundaries of the Eastern District of New York.

## JURY DEMAND

7.  Plaintiff demands a trial by jury in this action.

## PARTIES

8.  Plaintiff Charles Moore is a resident of Kings County, New York State.

9.  The plaintiff is a forty-three year old African-American male.

10. The plaintiff is a diabetic and requires daily insulin medication in order to balance the levels of blood sugar in his system, with potentially catastrophic consequences to his body if his insulin regime is not followed.

11. At all times herein, defendants PO JOSHUA WINTERS, Shield no. 3648, PO JOSEPH D'AMBRA, Shield no. 8014; PO DAVID CHEESEWRIGHT, Shield no. 1990; PO "JANE DOE" no. 1 and "JOHN DOES" nos. 1-6 were New York City Police Officers, employed with the 77th precinct, and/or a Brooklyn Narcotics Enforcement unit, located in Kings County, New York.

12. The defendants are sued in their individual and official capacities.

## STATEMENT OF FACTS

13. On May 15, 2013, approximately 6:30AM, at and in the vicinity of 372 Saint Mark's Ave., Brooklyn, New York, and the 77th precinct, Brooklyn, New York, several police officers operating from the 77th precinct and/or a Brooklyn Narcotics Enforcement unit, located in Kings County, New York including upon information and belief, defendant police officers Winters, D'Ambra, "Jane Doe" no. 1 and John Does nos. 1-6, at times acting in concert and at times acting independently, committed the following illegal acts against plaintiff.

14. At the above-described time and place of occurrence, defendants Winters, D'Ambra, Jane Doe no.1, and John Does nos. 1-6 forcibly entered apartment 4B, where plaintiff lives with his family.

15. Plaintiff and his family were asleep in the apartment when defendants Winters, D'Ambra and other members of the 77th precinct and/or a Brooklyn Narcotics Enforcement Unit, broke down the door, brandished firearms and pointed them at plaintiff and his family, and immediately handcuffed every member of the family.

16. Handcuffs were applied very tightly to plaintiff's wrists, causing pain in the wrists and excessive, painful stretching of the arms, shoulders and chest.

17. The defendant officers' use of force caused plaintiff to suffer pain and bruising/marks that lasted for several days.

18. The defendants thoroughly searched (or "tossed") plaintiff's apartment, upending every container, storage area and piece of furniture in the premises.

19. None of the defendants showed plaintiff a search warrant or explained their purpose in searching the apartment and its contents.

20. Defendants questioned plaintiff and his fiancée Shon White about some prescription pain medication (in a prescription bottle bearing the name "Shon White"). Plaintiff and Ms. White explained that the medication had been prescribed to Ms. White and that that fact could be easily verified by defendant police officers.

21. Instead, after putting the apartment and its contents into the highest state of disarray and finding no contraband, defendants arrested the entire family[1].

22. Defendant police officers also seized money belonging to plaintiff totaling approximately $1490, which was vouchered[2] as "arrest evidence".

23. Defendant Joshua Winters filed a police report falsely stating that "deft [plaintiff Moore] was in possession of a large quantity of crack cocaine, also a quantity of marijuana and paraphernalia[3]."

24. Defendant David Cheesewright, as the supervising officer, verified the report of defendant Winters and approved the arrest of plaintiff.

25. However the District Attorney charged Plaintiff (as well as Ms. White) with a single count of Criminal Possession of a Controlled Substance in the Seventh Degree, a

---

[1] Three of the arrests were later "voided".
[2] NYPD Voucher no. 3000220505.
[3] NYPD Omniform Arrest Report no. K13644451-m

Class "A" misdemeanor, the substance in question being: "a plastic bottle containing oxycodone pills[4]."

26. Plaintiff was arraigned on the evening of May 16, 2013 and released on his own recognizance after being in custody for more than thirty-six hours.

27. During the time the plaintiff was in custody of the defendants and other NYPD officers, he was denied his insulin medication and repeatedly warned, by defendants Winters and D'Ambra, against insisting upon medical treatment.

28. As a result, in the days following his release from thirty-six hours plus of custody, the plaintiff suffered severe fatigue and weakness as his body struggled to regulate the levels of insulin in his body to the point that the plaintiff was forced to seek medical help.

29. After appearing in court on five different adjournments, plaintiff joined in a motion by the prosecutor and the Honorable Curtis Farber, to adjourn the case in contemplation of dismissal under New York Criminal Procedure Law section 170.55.

## GENERAL ALLEGATIONS

30. The individual defendants acted in concert in committing the above-described acts against plaintiff.

31. Plaintiff did not resist arrest at any time during the above-described incidents.

32. Defendant police officers unlawfully entered plaintiff's apartment, on the basis that if there was a search warrant, it was obtained on the basis of mistaken or false information and without due diligence performed by defendant police officers as to the veracity of the information presented to issuing magistrate.

---

[4] Misdemeanor Complaint filed in Kings County Criminal Court on May 16, 2013 under Docket no. 2013KN037287

33. Defendant officers failed to recover any narcotics, or any incidents or accoutrements of narcotic use or sales.

34. At some point, it became clear to defendant police officers that they had erred and that plaintiff's apartment (372 Saint Mark's Avenue, apartment 4B) was not the rich "target location" they had hoped to find.

35. The individual defendants acted under pretense and color of state law in their individual and official capacities and within the scope of their employment. Said acts by defendants were beyond the scope of their jurisdiction, without authority or law, and in abuse of their powers, and said defendants acted willfully, knowingly, and with the specific intent to deprive plaintiff of his rights.

36. As a direct and proximate result of defendants' actions, plaintiff experienced personal and physical injury, pain and suffering, fear, an invasion of privacy, psychological pain, emotional distress, mental anguish, embarrassment, humiliation, and financial loss.

37. Plaintiff is entitled to receive punitive damages from the individual defendants because the individual defendants' actions were motivated by extreme recklessness and indifference to plaintiff's rights.

## FIRST CLAIM
### (FALSE ARREST UNDER FEDERAL LAW)

38. Plaintiff repeats and realleges all the foregoing paragraphs as if the same were fully set forth at length herein

39. On the above incident date, defendant officers falsely arrested plaintiff without probable cause, or reasonable suspicion that plaintiff had committed a crime.

40. As a result of defendants' conduct, plaintiff was injured.

41. Accordingly, defendants are liable to plaintiff for false arrest under 42 U.S.C. § 1983; and the Fourth and Fifth Amendments to the United States Constitution.

## SECOND CLAIM
### (UNREASONABLE USE OF FORCE UNDER FEDERAL LAW)

42. Plaintiff repeats and realleges all the foregoing paragraphs as if the same were fully set forth at length herein.

43. On the above incident date, the individual defendants' use of force upon plaintiff was objectively unreasonable.

44. The individual defendant officers did not have an objective and/or reasonable basis to use *any* degree of force against plaintiff, since plaintiff was unarmed, compliant, and did not resist in any way.

45. Those defendants who did not touch the plaintiff but witnessed the unlawful conduct, but failed to intervene and protect plaintiff from this conduct are also liable to plaintiff.

46. As a result of defendants' conduct, plaintiff was injured.

47. Accordingly, defendants are liable to plaintiff for using unreasonable and excessive force, pursuant to 42 U.S.C. § 1983; and the Fourth and Fifth Amendments to the United States Constitution.

## THIRD CLAIM
### (UNLAWFUL SEARCH AND SEIZURE UNDER FEDERAL LAW)

48. Plaintiff repeats and realleges all the foregoing paragraphs as if the same were fully set forth at length herein.

49. On the above incident date, defendant officers unlawfully seized property belonging to plaintiff.

50. As a result of defendants' conduct, plaintiff was injured.

51. Accordingly, defendants are liable to plaintiff for unlawful search and seizure under 42 U.S.C. § 1983; and the Fourth and Fifth Amendments to the United States Constitution.

## FOURTH CLAIM
## (FAILURE TO INTERVENE)

52. Plaintiff repeats and realleges all the foregoing paragraphs as if the same were fully set forth at length herein.

53. On the above described incident date, those defendants who did not actively participate in the abridgement of plaintiff's rights, but who had a reasonable opportunity to prevent them and nonetheless failed to intervene in the obviously illegal actions of the active defendants also caused injury to plaintiff.

54. Accordingly, defendants are liable to plaintiff for failing to intervene to prevent the violation of plaintiff's constitutional rights under 42 U.S.C. § 1983; and the Fourth and Fifth Amendments to the United States Constitution.

## FIFTH CLAIM
## (MALICIOUS PROSECUTION UNDER FEDERAL LAW)

55. Plaintiff repeats and realleges all the foregoing paragraphs as if the same were fully set forth at length herein.

56. The individual defendants are liable to plaintiff for malicious prosecution because, on the above incident date, and pursuant to a conspiracy and acting with malice, the defendants initiated malicious prosecutions against plaintiff by knowingly, intentionally, and maliciously providing false statements (including signed supporting depositions and

police reports) to prosecutors and/or the courts, which alleged that plaintiff had committed various crimes.

57. The individual defendants lacked probable cause to believe the above-stated malicious prosecutions could succeed.

58. The individual defendants acted to cover up their illegal and unconstitutional conduct by initiating the above-stated malicious prosecutions.

59. As a result of defendants' conduct plaintiff was injured.

60. Accordingly, defendants are liable to plaintiff for false arrest under 42 U.S.C. § 1983; and the Fourth Fifth and Sixth Amendments to the United States Constitution.

## SIXTH CLAIM
## (FALSIFICATION OF EVIDENCE)

61. Plaintiff repeats and realleges all the foregoing paragraphs as if the same were fully set forth at length herein.

62. The defendants are liable to plaintiff because, on both the above described incident dates, they intentionally conspired to fabricate evidence against plaintiff, depriving plaintiff of liberty without due process of law.

63. Furthermore, the defendants violated the law by making false statements by drafting and/or signing sworn criminal court complaints and false police reports.

64. Furthermore, the individual defendants violated the law by manipulating evidence to attempt to obtain a prosecution and unjust conviction, while performing the function of investigators.

65. The individual defendants were on notice that creating fabricated evidence is a clear violation of law because it well established that individuals who knowingly use

false evidence at trial to obtain a conviction act unconstitutionally and that this is redressable in an action for damages under 42 U.S.C. § 1983.

66.     The individual defendants are also liable to plaintiffs because they intentionally created false information likely to influence a fact finder's or jury's decision by, inter alia, forwarding false information to prosecutors, drafting and signing a sworn criminal court complaint and police reports, omitting and/or manipulating evidence, fabricating testimony and evidence, suppressing and concealing exculpatory material and evidence, and forwarding and presenting false information to a court thereby violating plaintiffs' constitutional right to a fair trial, and the harm occasioned by such an unconscionable action is redressable in an action for damages under 42 U.S.C. § 1983.

## SEVENTH CLAIM
### (VIOLATION OF RIGHTS UNDER U.S.C. §§ 1983 & 1985)

67.     Plaintiff repeats and realleges all the foregoing paragraphs as if the same were fully set forth at length herein.

68.     Plaintiff repeats and realleges all the foregoing paragraphs as if the same were fully set forth at length herein.

69.     By their conduct and actions in unlawfully detaining, searching, arresting, imprisoning plaintiff, and in fabricating evidence against plaintiff, in failing to intercede on behalf of plaintiffs and protect them from the unjustified and unconstitutional treatment they received at the hands of other defendants, and in causing plaintiff to be denied his insulin medication, defendants Winters, D'Ambra, Cheesewright & Jane Doe no. 1 and John Does 1-6, acting with animus, and under color of law and without lawful justification, intentionally, maliciously, and with deliberate indifference to or a reckless disregard for the natural and probable consequences of their acts, caused injury and

damage in violation of the plaintiff's constitutional rights as guaranteed under 42 U.S.C. §§ 1981 and 1983 and the United States Constitution, including its First, Fourth, Fifth, Eighth and Fourteenth Amendments.

70. As a result of the foregoing, plaintiff was deprived of his liberty, suffered emotional distress, great anxiety and humiliation, pain, physical injury, fear and damage to his reputation, insulin imbalance and insulin shock, fatigue, weakness, and was otherwise damaged and injured.

## PRAYER FOR RELIEF

**WHEREFORE**, plaintiff demands a jury trial and the following relief, jointly and severally against the defendants:

a. Compensatory damages in the amount of two hundred and fifty thousand dollars ($250,000);

b. Punitive damages in the amount of five hundred thousand dollars ($500,000);

c. Costs, interest and reasonable attorney's fees, pursuant to 42 U.S.C. § 1988; and,

d. Such other and further relief as this Court may deem just and proper, including injunctive and declaratory relief.

DATED:   Brooklyn, New York
         July 25, 2014

KENNETH F. SMITH, PLLC
16 Court Street, Suite 2901
Brooklyn, New York 11241
(646) 450-9929
kfslawfirm@gmail.com

ATTORNEY FOR PLAINTIFF
By: _____